IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES COLE,　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　No. 08 CV 1487
v.　　　　　　　　　　　　　　　　　）　　Judge Blanche M. Manning
　　　　　　　　　　　　　　　　　　）
CITY OF CHICAGO, et al.,　　　　　　）
　　　　　Defendant.　　　　　　　　）

**MEMORANDUM AND ORDER**

James Cole is suing state and local government offices and employees over several skirmishes with police. The defendants have filed two motions to dismiss all of Cole's claims against them. For the reasons stated below, the motions are granted and Cole's claims are dismissed.

**BACKGROUND**

The events alleged in Cole's *pro-se* complaint are difficult to follow, but Cole appears to be describing a series of incidents in which he felt harassed by Chicago police officers Bernard Considine and Thomas O'Grady. The court has construed the complaint broadly and accepts Cole's allegations as true for the purpose of resolving the motions to dismiss. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008).

In the first incident on May 25, 2007, Considine and O'Grady approached Cole while he was sitting in his car. Even though the car was parked at the time, the officers arrested Cole for driving under the influence. When Cole questioned why he was being arrested given that his car was parked, officers told him that he was being arrested because his keys were in the ignition.

In the second incident, Considine and O'Grady allegedly stole Cole's car by towing it from where it was parked at 46th and Wolcott Streets on July 8, 2007. Cole noticed it missing the following day and reported it stolen. The officers allegedly refused to immediately return the car to him, so Cole wrote to the Illinois Secretary of State's office to report the theft and advise the office that he would not renew his plates or obtain an emissions test until after he got his car back. After writing to the Secretary of State's office, Cole finally received his car back in October or November of 2007.

In the third incident, Cole gave a ride home to his friend on December 2, 2007. While driving, Cole was pulled over by Considine and O'Grady. The officers ticketed Cole for running a stop sign even though Cole denied doing so. The officers also forced Cole's friend to walk home, even though she was eight months pregnant.

In response to the officers' alleged harassment, Cole filed this suit under 42 U.S.C. § 1983 in order to assert violations of his rights under the Constitution, including unspecified rights under the Fourth and Ninth Amendments. In his complaint Cole alleges that the defendants' conduct injured him in the following ways:

> (1) Got me fired-no income;
>
> (2) Continue to abduct this car: Property;
>
> (3) Got me in debt;
>
> (4) Continue to tell me that I owe them money;
>
> (5) I have no more money in my bank account;
>
> (6) Violated my rights to live-Human Rights.

Compl. (R.1 at 8.) Cole seeks $2 million for his troubles.

In the motion to dismiss filed by the state defendants, the Secretary of State's office argues that the claim against it must be dismissed because, under the Eleventh Amendment, states and state agencies are immune from being sued in federal court. On that same basis, defendant Jesse White[1] argues that the claim against him in his official capacity must be dismissed. White also argues that the claim against him in his individual capacity must be dismissed because Cole has not alleged any personal involvement by White. Finally, the Secretary of State's office and White argue that because they are not considered "persons" under 42 U.S.C. § 1983, the claims against them must be dismissed on this alternative basis.

In the motion to dismiss filed by the Chicago defendants, the city and officers Considine and O'Grady argue that Cole's only claim against them is for false arrest, and that the claim must be dismissed because Cole has not alleged that the conviction resulting from his May 2007 arrest for DUI has been invalidated.

Although the court afforded Cole the opportunity to file a responses to each of the motions to dismiss, he has not done so. Therefore, the court will proceed without the benefit of Cole's views.

**ANALYSIS**

The defendants have moved for dismissal under both Federal Rule of Civil Procedure 12(b)(1) based upon lack of subject-matter jurisdiction, as well as Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] Cole has not specified whether his claim against White is an official capacity claim, individual capacity claim, or both. Because Cole is proceeding *pro se* and the court must therefore liberally construe his complaint, the court will assume that Cole intended to allege both official and individual capacity claims.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). While a complaint does not need detailed factual allegations, a plaintiff must provide the grounds of her entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The standard applicable to a motion to dismiss under Rule 12(b)(1) is virtually identical, except that the court may look outside the pleadings to determine whether it has jurisdiction over the subject of the plaintiff's claims. *See Gilbert v. Ill. State Bd. of Educ.*, No. 05 CV 4699, 2008 WL 4390150, at *3 (N.D. Ill. Sept. 24, 2008). With proper standards in mind, the court turns to the parties' argument in favor of dismissal.

## II. Motion to Dismiss Claims Against Secretary of State's Office and Jesse White

### A. Eleventh Amendment

Under the Eleventh Amendment to the United States Constitution, states are immune from being sued in federal court. *See Pennhurst State Sch. & Hosp. v. Holderman*, 465 U.S. 89, 98 (1984). The amendment states that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one in the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend XI. Although the amendment does not explicitly grant immunity to a state in cases brought by that state's own citizens, the Supreme Court has repeatedly held that it bars such suits. *See Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1980)). As an

agency of the state, the Secretary of State's office is entitled to Eleventh Amendment immunity. *See Kroll v. Bd. of Trustees of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) (state agencies are treated the same as states). In the same way, the immunity extends to Jesse White in his official capacity. *Id.*

Although the Eleventh Amendment grants immunity to states and state agencies generally, there are two recognized exceptions. First, a state may waive its immunity by consenting to suit in federal court. *See Pennhurst*, 465 U.S. at 907. Second, Congress may eliminate Eleventh Amendment immunity by creating explicit statutory provisions allowing federal jurisdiction for suits against states. *Id.* However, nothing in the record suggests that either exception applies. Moreover, by failing to file a response brief, Cole has forfeited any argument that an exception applies. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (arguments that are not presented to the district court are forfeited).

Because the Eleventh Amendment bars litigating claims in federal court against the Secretary of State's office as well as Jesse White in his official capacity, the motion to dismiss those claims is granted and the claims are dismissed.

**B.      42 U.S.C. § 1983**

Alternatively, the defendants argue that the claims again the Secretary of State's office and White in his official capacity must be dismissed because they are not "persons" who can be sued under 42 U.S.C. § 1983. However, because the court has already dismissed the claims against these defendants based upon the Eleventh Amendment, it need not address this alternative basis for dismissal.

### C. No Allegation of White's Personal Involvement

To succeed on a § 1983 claim against a state official in his individual capacity, a plaintiff must show that the official was personally involved in the deprivation of the plaintiff's constitutional rights. *See Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). Supervisory responsibility without personal knowledge of, or consent to, the alleged violations is not enough to hold an official liable in their individual capacity. *Id.* Instead, the official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Cole's complaint does not identify any conduct undertaken by White personally. Cole merely identifies the "Secretary of State" as the agency that he wrote a letter to regarding his allegedly stolen car and the fact that he would not be renewing his license plates or bringing his car to have an emission test. There are no allegations that Jesse White in any way participated in or had any personal knowledge of the alleged constitutional violations. Under notice pleading, Cole need not allege detailed facts, but he must at least alert each defendant to the basis of his claim and allege enough to plausibly suggest that he is entitled to relief. *See Bell Atlantic*, 550 U.S. at 555. By failing to allege any personal involvement by White, Cole has failed to plausibly suggest that White was personally involved in violating Cole's constitutional rights. Accordingly, White is entitled to dismissal of the claim against him in his individual capacity as well. This dismissal is without prejudice to Cole amending his claim to include truthful allegations of White's personal involvement in denying Cole's constitutional rights.

### III. Motion to Dismiss Claims Against City of Chicago and Officers Considine and O'Grady

In their motion to dismiss, the city and officers Considine and O'Grady seek the dismissal of Cole's claim of false arrest stemming from his May 2007 arrest for driving under the influence. Although the complaint does not mention whether Cole was ultimately convicted, the defendants have attached to the motion to dismiss court records showing that Cole was found guilty of DUI on November 26, 2008, of which this court can take judicial notice. *See Purmal v. Supreme Court of Illinois*, No. 03 CV 6061, 2004 WL 542528, at *1 (N.D. Ill. Feb. 26, 2004). Because any decision in this case that Cole was falsely arrested would necessarily imply the invalidity of the DUI conviction, Cole must be able to show that the conviction was previously invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

The defendants argue that the false arrest claim must be dismissed because Cole has failed to allege that his conviction has been invalidated. Although notice pleading does not require Cole to plead detailed facts, he must plead enough facts to plausibly suggest a right to relief. *See Bell Atlantic*, 550 U.S. at 555. By failing to allege that his conviction has been overturned or that he is seeking to have it overturned, Cole's complaint does not plausibly suggest that he is entitled to damages for false arrest. Accordingly, the motion to dismiss Cole's false arrest claim stemming from his DUI arrest is granted and the claim is dismissed. This

dismissal is without prejudice to Cole amending this claim to include a truthful allegation that he previously filed a timely appeal or that the conviction has already been overturned.

In their motion to dismiss, the city and officers Considine and O'Grady contend that Cole's only claim against them is his Fourth Amendment false arrest claim stemming from his May 2007 arrest for DUI. In fact, Cole may also be asserting claims under other provisions of the Constitution. For instance, he has alleged that police illegally towed his car, which could be liberally construed to be a claim of deprivation of property in violation of the Fifth Amendment Takings Clause. However, to bring a deprivation of property claim under the Constitution, Cole must have first exhausted his state remedies. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 543 (7th Cir. 2008). Cole has not alleged exhaustion, and therefore has not plausibly suggested that he is entitled to relief under the Takings Clause. *See Bell Atlantic*, 550 U.S. at 555.

Cole may also be asserting procedural due process violations based upon the alleged illegal towing of his car, *see Perry v. Village of Arlington Heights*, 905 F. Supp. 465, 467 (N.D. Ill. 1995), or the ticket he received for running a stop sign when, in fact, he contends that he did not run the sign. However, Cole has not alleged that he has been deprived of any fundamentally fair state procedures to address his grievances, and therefore has not plausibly suggested that he is entitled to relief under the due process clause. *See Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) ("to state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation.") In fact, Cole alleges in his complaint that he has contested his

ticket in state court. Accordingly, Cole has not plausibly suggested that he is entitled to relief under the Due Process Clause.

## CONCLUSION

For the reasons stated above, the state defendants' motion to dismiss [17-1] is granted as follows: the claims against the Office of Secretary of State and Jesse White in his official capacity are dismissed because under the Eleventh Amendment they cannot proceed in federal court, while the claim against White in his individual capacity is dismissed without prejudice for failure to state a claim. The Chicago defendants' motion to dismiss [20-1] is granted without prejudice. Cole is granted leave to amend his claim against White in his individual capacity, the City of Chicago, and officers Considine and O'Grady in the event that he is able to conform his allegations to the requirements detailed above. Any amended complaint must be filed no later than April 3, 2009. If no amended claim against White in his individual capacity, the City of Chicago, or officers Considine and O'Grady are filed by that date, the dismissal of those claims shall become a dismissal with prejudice.

ENTER:

DATE: March 10, 2009

*Blanche M. Manning*
Blanche M. Manning
United States District Judge